## Vanover v. Dunlap.

### (Decided December 12, 1916.)

### Appeal from Letcher Circuit Court.

1. Municipal Corporations—Defects of Incorporation.—The failure to comply substantially with the essential requirements of the law of incorporation, makes a municipal corporation defective, but not necessarily void.

2. Municipal Corporations—Defects of Incorporation—Forfeitures of Franchise.—With reference to their defects in creation or organization, municipal corporations may be divided into three classes; (1) corporations de jure; (2) corporations de facto; and (3) void corporations; the first, being strictly legal and impregnable to assault in the courts, from any source; the second, being subject only to attack by the state in a direct proceeding to forfeit the franchise; and the last, subject to legal challenge by any party, in any judicial proceeding.

3. Municipal Corporations—Action to Vacate Charter—Who May Prosecute.—An action to vacate the charter of a sixth class town defectively organized under section 3714 of the Kentucky Statutes, can be brought and prosecuted only by the Attorney General, or

under his sanction and direction by an attorney for the Commonwealth.

FELIX G. FIELDS and DAVID HAYS for appellants.

ALLIE W. YOUNG, WM. G. DEARING and O'REAR & WILLIAMS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Affirming.

This action was instituted on May 10th, 1915, by Sam Vanover and 35 other residents of Jenkins, a town of the sixth class, against the board of trustees and the officers of said town, seeking to have the proceedings whereby the town of Jenkins was incorporated, declared null and void.

Being of opinion that an action of this character could be maintained only by the Attorney-General in the name of the Commonwealth, the circuit court sustained a special demurrer to the petition, which raised the question of the plaintiffs' right to maintain this action. From a judgment dismissing the petition for that reason, the plaintiffs appeal.

Section 3713, and subsequent sections of the Kentucky Statutes, provide for the creation and organization of towns of the sixth class. Section 3713 provides that no such town shall become incorporated unless it contains at least 125 inhabitants residing within the boundaries proposed to be established for such town, nor shall the boundary of any town, when incorporated, exceed one-quarter of a mile in each direction, the form of the town being square.

Section 3714 provides that proceedings to incorporate a town of the sixth class shall be commenced by a petition, signed by at least two-thirds of the voters living within the boundaries of the proposed town, accompanied by a request for such action signed by a majority of the voters resident therein; that the petition shall be filed in the circuit court clerk's office not less than twenty days before the commencement of the next regular term of the court, and notice of the filing of such petition, and the object thereof, published in two issues of some newspaper of general circulation published in the county, if there be one, and if not, by notices posted for at least ten days before the commencement of the term, one at

the courthouse door, and three others at public places within the bounds of the proposed town. It further requires that the petition shall set out the metes and bounds of the proposed town, and such other facts as may. be thought proper.

Section 3715 further provides that on the second day of the term of the court it shall take action upon the petition, provided the notice required had been given, or publication made thereof; and, in case the prayer be granted, the court is directed to enter a judgment establishing a town in accordance .with the prayer of the petition, and appoint therefor not less than five trustees, a police judge, a marshal, and an assessor, who shall hold their offices until the next election at which officers for cities and towns may be elected.

The judgment in the suit of Campbell and others incorporating the town of Jenkins entered on January 9th, 1912, recites that it appeared to the satisfaction of the court that there were more than 125 *bona fide* residents within the territory proposed to be incorporated; that said territory did not exceed more than one-fourth of a mile in each direction necessary to form a square; that said petition was signed by more than two-thirds of the legal voters residing therein; that the notice of the application and the filing of the petition had been duly posted at the courthouse door in Whitesburg, Ky., for more than ten days before the first day of the term, and had also been published twice in ''The Mountain Eagle'' and in ''The Kentucky News,'' two weekly newspapers published in Whitesburg, Ky., the county seat, just prior to the first day of the term at which the judgment was entered; and, that the judgment incorporating the town was entered in the absence of any objection thereto.

The judgment specifically set out the bounds of the proposed town, and appointed five trustees, a police judge, a marshal and an assessor, as required by the statute.

The judgment incorporating the town is now attacked, upon three grounds; (1) that there were not, as a matter of fact, 125 *bona fide* inhabitants living within the boundary sought to be incorporated; (2) that the proper notice was not given; and, (3) that the petition was not filed twenty days before the first day of the term of court at which the judgment was entered.

The petition seeking the incorporation of the town was filed in the clerk's office on December 27th, 1911, while the next regular term of the Letcher circuit court convened on January 8th, 1912, less than twenty days thereafter.

It will be noticed that the requirements of section 3714 of the Kentucky Statutes, *supra,* were complied with insofar as the giving of the notice of the filing of the petition, and the objects thereof, were concerned. The notice was published in two issues of two newspapers published in the county, and also by posting the notice for ten days, as required by the statute, although both methods of publication are not necessary.

Assuming for the sake of argument that these defects in the organization of the town existed; nevertheless, can the plaintiffs raise that question?

In 28 Cyc. 171, it is said:

"The failure to comply substantially with the essential requirements of the law of incorporation makes the body defective, but not necessarily invalid and void. It is to the interest of the public that government shall be stable, and that existing institutions shall not be easily destroyed, and the courts therefore in obedience to the maxim *ut res magis valeat quam pereat* are slow to declare a municipal corporation utterly null and void unless required to do so by the positive mandates of the law. Failure to comply with provisions of the statute which are merely directory will not render the corporation invalid; and substantial compliance with the law is generally held sufficient. The fact that the legislature has created a municipality without bestowing upon it all the powers necessary for its government will not authorize the court to declare that the municipality has not a legal existence.

"The result of this policy has been to divide municipal corporations with reference to their defects in creation or organization into three classes: (1) Corporations *de jure;* (2) corporations *de facto,* and (3) void corporations; the first, being strictly legal and impregnable to assault in the courts from any source; the second, being subject only to attack by the state in a direct proceeding to forfeit franchises, and the last subject to legal challenge by any party in any judicial proceeding.

"The judicial decisions are so discordant as to this (2nd) class of corporations as not to be reconcilable,

varying in doctrine from those of the theorists who deny the existence of such a corporation, and admit only two classes, the valid and the void, to those who hold any actual organization in ostensible possession of municipal powers to be a *de facto* corporation. There is a general consensus of judicial opinion on the middle ground between these extremes to the effect that *de facto* corporations should be recognized upon the basis of the following essentials of existence: (1) A valid statute authorizing incorporation; (2) an organization in good faith under it; (3) a colorable compliance with the law, and (4) an assumption of corporate powers. Some states require only the last three, holding that an unconstitutional statute is sufficient basis for a corporation *de facto;* but in other states the cases are to the contrary."

In the case before us the town of Jenkins is clearly a corporation *de facto,* since it was organized in good faith, under a valid statute authorizing the incorporation, and has assumed the exercise of corporate powers; and, that being true, the judgment of incorporation is subject only to attack by the state in a direct proceeding to forfeit its franchise. See Newman v. United States, *ex rel.,* Frizzel, 238 U. S. 547; Worley v. Harris, 82 Ind. 493; Levitt v. City of Wilson, 72 Kans. 160; People v. The Board, etc., 41 Mich. 647; St. Paul Gas Light Co. v. Village of Sand Stone, 73 Minn. 225.

There are many similar cases to the effect that irregularities in proceedings to incorporate municipalities can only be questioned by a public officer, and are not subject to collateral attack.

Appellant relies upon Hurley v. Motz, 151 Ky. 451. In that case, however, the legislature undertook to convert a taxing district into a city of the fifth class, when it had no authority to do so. It will be observed that the two essential elements of a valid statute or authority authorizing incorporation, and a colorable compliance with the law, were both absent, and the town attempted to be created was neither a municipal corporation *de jure* nor *de facto.* On the contrary, the act attempting its incorporation was void; and, for that reason, it was subject to legal challenge by any party in any judicial proceeding.

Furthermore, under chapter 13 of the Civil Code of Practice relating to the repealing or vacating of char-

ters, and preventing the usurpation of office or franchise, it is provided in sections 480, 481 and 482, as follows:

"480. In lieu of the writs of *scire facias* and *quo warranto*, or of an information in the nature of *quo warranto*, ordinary actions may be brought to vacate or repeal charters, and to prevent the usurpation of an office or franchise.

"481. The action to repeal or vacate a charter shall be in the name of the Commonwealth, and be brought and prosecuted by the Attorney-General, or under his sanction and direction by an attorney for the Commonwealth.

"482. Actions to repeal or vacate the charters of municipal corporations; banks, railroad, turnpike road and internal improvement companies, shall only be instituted by order of the legislature, unless otherwise expressly provided."

If there be any doubt about the application of the general rule above stated, the question is put at rest by these express statutory provisions. Kirch v. City of Louisville, 125 Ky. 391.

The judgment of the circuit court was right, and it is affirmed.