## Saylor, et al. v. Town of Wallins.

(Decided June 21, 1927.)

### Appeal from Harlan Circuit Court.

1. Municipal Corporations.—Suit by citizens owning property or living within town limits against town for correction of boundaries, brought over five years after judgment of incorporation, pursuant to Ky. Stats., sections 3713-3715, held to involve collateral attack on judgment of incorporation, which could not be sustained, unless judgment was void; suit not constituting suit for modification of judgment, under Civil Code of Practice, section 518.

2. Municipal Corporations.—Town of sixth class regularly incorporated, under Ky. Stats., sections 3713-3715, which, after judgment of incorporation, assumed corporate powers constituted

"de facto corporation," notwithstanding boundaries included in town were more extensive than permitted by section 3713.

3.  Municipal Corporations.—Fact that on incorporation of community as town of sixth class, under Ky. Stats., section 3715, boundary was made to include greater area than that permitted by section 3713, held not jurisdictional matter, but mere irregularity, for which incorporation could, after town's establishment and acquisition of de facto existence, be attacked only by quo warranto proceedings; remedy, under Civil Code, sections 480-482, for vacation of charter of municipality, being exclusive as to de facto corporations.

LEE & SNYDER for appellants.

J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS— Affirming.

Pursuant to the provisions of sections 3713, 3714, 3715, Ky. Statutes, the town of Wallins was regularly incorporated as a town of the sixth class by a judgment of the Harlan circuit court at its April, 1921, term, and since that time has functioned as such. On the 28th of February, 1927, certain citizens owning property or living within the town limits filed suit against the town in the Harlan circuit court for a correction of the town boundaries. It is substantially alleged that no survey was made of the town site before the petition for incorporation was filed, the boundary in that pleading being described by abuttals, and that this description was followed in the judgment; that by reason of such description the court was unable to determine the size or form of the town boundary. After judgment was entered and the court adjourned, a survey was made of the boundary and it was found to embrace much more territory than is permitted by the statute in the incorporation of such towns, and that in some places it was two miles across, or four times the extent permitted by statute; it being alleged that the description was so made by mistake, inadvertence, or design upon the part of the original petitioners. It is admitted that proper notice of the proceedings was given and no other error or irregularity is claimed. But it is alleged that above facts were discovered shortly after the adjournment of court and that the town and its officers attempted to correct the boundary running new lines from a beginning point selected by them, and made new boundary lines for the town in the form of a square one quarter of a mile each

way from the center and it was then publicly announced by the town authorities that no property outside of the corrected boundary should be assessed for taxation. Since that time the officers have changed their position and now insist upon assessing for taxation all the property within the boundary described by the judgment. Plaintiff's property is within the boundary described in the judgment and without the lines subsequently laid off by the town officers. They were misled by the description of the proposed boundary in the petition, and, for that reason, did not object to the original incorporation, and later relied upon the action of the town officers in laying off the new boundary, and, for that reason, took no further steps to protect their rights. They now ask for the boundaries of the town to be corrected, so as to conform to the statute, or that the judgment of incorporation be set aside and a new trial granted, and they be permitted to file an answer therein, and that it be adjudged that their property is not subject to taxation for city purposes. The court sustained a demurrer to this petition, as amended, and, upon plaintiff's declining to plead further, dismissed it.

Section 3713, Ky. Statutes, provides that:

"No such town (of the sixth class) shall become incorporated unless it contains at least 125 inhabitants residing within the boundaries proposed to be established for such town nor shall the boundary of any town when incorporated exceed one quarter of a mile in each direction, the form of the town being square."

Sections 3714 and 3715 give the circuit court jurisdiction to establish such towns and regulate the procedure relative thereto. It appears in this case that such procedure was in all respects regular except that, as established, the boundary exceeded the statutory limitations. Taking the allegations of the present petition as true, there is a serious error in the judgment and one that works a hardship upon plaintiffs. The question to be determined is whether they can obtain relief in this proceeding. It is provided in section 3714:

"The petition shall set out the metes and bounds of the proposed city, the number of the voters therefor, and such other facts as may be thought proper."

If it be assumed that the description in the petition was such as to mislead the court and the plaintiffs, and it be further assumed that it was designedly so prepared, and that a suit could have been brought for a modification of the judgment under section 518 of the Civil Code, it is manifest that such relief cannot be had under that provision at this late date. This suit, however, is not a direct attack under that section, but is a collateral attack upon the judgment, and the question turns upon whether the judgment of incorporation was void or merely erroneous. In the similar case of Vanover v. Dunlap, 172 Ky. 682, 189 S. W. 915, certain petitioners sought to set aside the incorporation of the town of Jenkins upon several grounds, one of which was that at the time the petition was filed and the judgment of incorporation was entered fewer than 125 persons resided within the described boundary. The court assumed that all the defects claimed existed and quoted with approval the following text from 28 Cyc. p. 171:

"The failure to comply substantially with the essential requirements of the law of incorporation makes the body defective, but not necessarily invalid and void. It is to the interest of the public that government shall be stable, and that existing institutions shall not be easily destroyed, and the courts, therefore, in obedience to the maxim, 'Ut res magis valeat quam pereat,' are slow to declare a municipal corporation utterly null and void unless required to do so by the positive mandates of the law. Failure to comply with provisions of the statute which are merely directory will not render the corporation invaild; and substantial compliance with law is generally held sufficient. The fact that the Legislature has created a municipality without bestowing upon it all the powers necessary for its government will not authorize the court to declare that the municipality has not a legal existence.

"The result of this policy has been to divide municipal corporations with reference to their defects in creation or organization into three classes: (1) corporations de jure; (2) corporations de facto, and (3) void corporations; the first being strictly legal and impregnable to assaults in the courts from any source; the second being subject only to attack

by the state in a direct proceeding to forfeit franchises, and the last, subject to legal challenge by any party in any judicial proceeding.

"The judicial decisions are so discordant as to this (2d) class of corporations as not to be reconcilable, varying in doctrine from those of the theorists who deny the existence of such a corporation, and admit only two classes, the valid and the void, to those who hold any actual organization in ostensible possession of municpial powers to be a de facto corporation. There is a general consensus of judicial opinion on the midde ground between these extremes to the effect that de facto corporations should be recognized upon the basis of the following essentials of existence: (1) A valid statute authorizing incorporation (2) an organization in good faith under it; (3) a colorable compliance with the law; and (4) an assumption of corporate powers. Some states require only the last three, holding that an unconstitutional statute is sufficient basis for a corporation de facto; but in other states the cases are to the contrary."

And continued:

"In the case before us the town of Jenkins is clearly a corporation de facto, since it was organized in good faith, under a valid statute authorizing the incorporation, and has assumed the exercise of corporate powers; and, that being true, the judgment of incorporation is subject only to attack by the state in a direct proceeding to forfeit its franchise. See Newman v. United States ex rel. Frizzell, 238 U. S. 547, (35 S. Ct. 881, 59 L. Ed. 1446); Worley v. Harris, 82 Ind. 397; Levitt v. City of Wilson, 72 Kan. 160 (83 P. 397); People v. Board, etc., 41 Mich. 647 (2 N. W. 904); St. Paul Gaslight Co. v. Village of Sandstone, 73 Minn. 225 (75 N. W. 1050)."

Further reference was made to sections 480, 481, and 482 of the Civil Code and it was held that the remedy therein provided for the repeal or vacation of the charter of a municipality was exclusive, so far as de facto corporations were concerned, and that under the facts stated the town of Jenkins was a de facto corporation.

While it is seriously argued that the circuit court is without jurisdiction to create a town with boundaries larger than those prescribed by statute and that its action

in so doing is void, this question seems to have been answered in the Jenkins case, supra. The statute is no more imperatve as to the size of the boundaries than it is as to the number of inhabitants living therein, and the above case is controlling on this question. The court had jurisdiction of the subject-matter and of the parties. If it erred in the computation of either it was not a jurisdictional matter, but a mere irregularity, and, the town being regularly established, it acquired at least a de facto existence which under the authorities cited, supra, can only be attacked in a quo warranto proceeding.

Wherefore the judgment is affirmed.