## Booth et al. v. Copley et al.

May 10, 1940

J. F. Bailey, Judge.

24

W. R. McCoy for appellants.

J. B. Clark for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On October 18, 1937, certain citizens of the town of Warfield, in Martin County, Kentucky, claiming to constitute two-thirds of the voters within the district sought to be incorporated as a municipality of the sixth class, filed their petition in the Martin circuit court under the provisions of Section 3714 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, wherein they asked that the territory therein set out be incorporated as a sixth class town. The day upon which the petition was filed was the first day of the regular October term of the circuit court for that county. On the same day of the filing of the petition (October 18, 1937), the petitioners posted, or attempted to post, the notices required by that

section—there being no newspaper published in the county. If the court obtained jurisdiction by such belated steps on the part of the petitioners in filing their petition and in posting their notices, then the matter stood for disposition, under the provisions of Section 3715 of the same statutes, on the second day of that term, i. e., October 19, 1937. However, nothing whatever was done throughout that term and it finally adjourned without any order or action whatever being taken in the cause by either petitioners or other citizens of the proposed incorporated territory. In that condition (which, of course, was without any submission made during the regular term), attorney for petitioners, without giving any sort of notice, journeyed to Paintsville, Kentucky, the county seat of Johnson County, a part of the same circuit court judicial district, where he met the circuit judge and had a hearing of the cause, resulting in a judgment incorporating the town of Warfield as a sixth class city in accordance with the prayer of the petition. At the same time the judge entered an order appointing the officers for the town as authorized by Section 3715 of the Statutes, supra.

The officers so appointed began to function as such, and they or their successors continued thereafter to do so and were so engaged when this action was filed in the Martin circuit court by twenty-one citizens voters and tax payers within the alleged corporation, against the town and its officers, by which they sought to enjoin defendants from further acting as such and to set aside the levying of taxes previously made by them. They also moved to set aside the order and judgment incorporating the town because the entire proceedings had therein were null and void because of, (1) fatal omissions in the proceeding for the incorporation of the town, and (2) that the court had no right to hear the cause in vacation, and especially out of the county where it was pending, without some sort of notice by which any opposer of the proceeding might be heard.

The relied on failures to comply with the statute as contained under ground (1) consisted of (a) failure to post notice of the filing or intended filing of the petition as much as ten days before the convening of the next regular term of the court following the giving of such notice, and (b), that the belated posting of the notices

contrary to the statute were not made or done as it required, since they were not posted at three other "public places within the bounds of the proposed city." The evidence was directed solely, or practically so, to proving or disproving the latter issue alone—the other facts being admitted. The cause was submitted and judgment was entered dismissing plaintiffs' petition, and overruling their motion to set aside the incorporating judgment, to reverse which they prosecute this appeal.

The appellees' counsel, in an endeavor to sustain the judgment, first insist that this action is a collateral attack on the judgment of incorporation and can not be maintained by plaintiffs. But a sufficient answer to that contention is that though it be admitted to be a collateral attack (but which we do not concede or determine) the immunity against such attacks does not exist when the judgment so assaulted is void, which is the sole contention of plaintiffs in this case. They, therefore, not only sought to have it set aside in compliance with Section 763 of the Civil Code of Practice, but to also have it adjudged that defendants had no right to function thereunder as such assumed municipal officers, and that their actions as such officers were likewise null and void, including the levying and attempting to collect taxes, which the plaintiffs also sought to enjoin. It is, furthermore, insisted by the same counsel that the motion to set aside the alleged void judgment should be made in the same proceedings in which it was rendered, but which, it is claimed, was not done in this case, since the motion was made in the instant action. However, cases cited in the notes to Section 763, as well as the late ones of Green v. Blankenship, 263 Ky. 29, 91 S. W. (2d) 996, and Lamereaux et al. v. Dixie Motor Company, 263 Ky. 67, 91 S. W. (2d) 993, sustain the right to make such a motion in an action attacking the judgment as void such as the instant one is, upon the ground that the action in which the motion was made is itself one seeking to set aside the prior complained of judgment.

But, the chief argument of appellees' counsel directed to the merits is that under the opinions of this court in the cases of Vanover v. Dunlap, 172 Ky. 679, 189 S. W. 915, and Saylor v. Town of Wallins, 220 Ky. 651, 295 S. W. 993, the proceedings had in the Martin circuit court—though conceded by counsel to be "irregu-

lar"—had the effect to create at least a de facto organization of the community into a municipal corporation, and that under those opinions the only afforded remedy to circumvent the incorporating judgment or to oust or stop defendants from so acting is the one furnished by chapter XIII of the Civil Code of Practice (consisting of Sections 480 to and including 488 of that Code) and that, since the attack in this case is not of that nature and is not prosecuted in the name of the parties nor in the manner therein required, the court properly dismissed it. That argument involves a consideration of what is and what is not a de facto corporation, as well as who are and who are not de facto officers of such a corporation. The law with reference thereto, as will be seen from reading the cited opinions, is in much confusions, and we do not wish to become involved in that fog when there exists bold and prominent facts—hereafter to be considered—destroying the entire efficacy of the attacked judgment for any purpose. Each of the cases relied on by appellees' counsel expressly states and emphasizes the fact that the required notice of the filing of the petition (appropriate publication) was given as directed in the statute. Therefore, the court had jurisdiction, although it may have prematurely rendered the judgment because the petition itself may not have been filed for the specified time preceding the beginning of the next regular term of the court. In that case the opinions appear to hold that the rendering of the judgment after the court had obtained jurisdiction by the giving of proper notice was only a clerical misprison subject to be corrected as such if anyone interested desired to do so.

In the Vanover case the opinion expressly says [172 Ky. 679, 189 S. W. 916]: "The notice was published in two issues of two newspapers published in the county, and also by posting the notice for 10 days, as required by the statute, although both methods of publication are not necessary." In the Saylor opinion it is said: "It is admitted that proper notice of the proceedings was given and no other error or irregularity is claimed." The irregularity therein referred to, and which was the ground upon which the incorporating judgment was attacked, consisted in an alleged improper description of the territory proposed to be incorporated and which the plaintiffs insisted violated the provisions

28

of the statute; whilst the defects complained of in the Vanover case were that the incorporated boundary did not contain the requisite number of inhabitants or voters, and that the petition (not notice) was not filed twenty days before the first day of the next succeeding regular term of the circuit court. Such departures were held in those two cases not to be jurisdictional but at most as constituting mere errors, which might be corrected on appeal, but which did not avoid the incorporating judgment. There is left, therefore, for determination, the legal issues presented by grounds (1) and (2) supra, which task we now undertake in the order named.

1. We have already seen that in the Vanover and Saylor cases, supra, the necessary notice for the requisite time before the convening of the court was given and because of which the court in each of those cases determined that jurisdiction was acquired, and, while not expressly so stated, such determination was tantamount to saying and holding that the publication requirement for the statutory time was essential to confer jurisdiction to hear and determine the cause. In support of subdivision (a) of ground (1) the text in 50 C. J. 497, Section 106, in discussing Statutory Service of Process in in rem proceedings says: "The purpose of statutes authorizing service of process by publication is to give defendants notice that an action against them is pending and an opportunity to come to court and make their defense. And inasmuch as service of process by publication is in derogation of the common law, the practice authorizing it is subject to strict construction and must be strictly complied with to render such service valid, and give the court jurisdiction," etc. The same text, on page 534, dealing with the same question, says: "The publishing of the notice prescribed by statute authorizing service of process by publication is indispensable, and if no notice is published the court acquires no jurisdiction of defendant, and a judgment rendered by it in the cause is void."

Further along, and while still treating of the subject of "Process by Publication," on page 539 of the same volume, Section 205, the text says: "The statutes usually designate the period for which publication shall be made and prescribe how often it should be made, and

the requirements of the statutes in this regard must be strictly complied with; but publication for the number of times, and for the length of time prescribed by the statute is, of course, sufficient. Neither the courts nor the clerks of the courts are vested with any discretion as to the length of time the notice shall be published, where it is prescribed by statute. Failure to publish for the required length of time is not a mere irregularity, but a jurisdictional defect, which renders all subsequent proceedings under such notice void.'' Domestic cases sustaining that text, as cited in the notes, are, Mercantile Trust Co. v. South Park Residence Company, 94 Ky. 271, 22 S. W. 314, 15 Ky. Law Rep. 70; Robinson v. Richardson, 4 J. J. Marsh. 574; Blight v. Banks, 6 T. B. Mon. 192, 17 Am. Dec. 136.

The question might also be considered as analogous to statutes authorizing special elections adopting local option where such a statute prevails, and in changing legislative departments of municipalities from the councilmanic form, and substituting therefor commissioners—in which class of cases we have uniformly held that the requisite notice required by the statute for the holding of such election must be given for the time required by it; otherwise the election itself is void. We have not deemed it necessary to insert other texts in support of that taken from the cited volume of Corpus Juris, since it is in accord with all others dealing with the questions as well as the opinions of courts similarly engaged. The proposition that this character of proceedings is an in rem one, it would seem, is too well established to require supporting authorities, since its purpose is to change and alter the political status of a designated community, and which character of proceeding is always an in rem one, or one in the nature of an in rem one.

An authority so holding is the text in 15 R. C. L. 629, Section 72, saying: ''and a judgment in rem has been defined generally as an adjudication pronounced upon the status of some particular subject matter, by a tribunal having competent authority for that purpose.'' The judgment when so pronounced by a court having jurisdiction in the premises is binding upon the world. To the same effect is the text in 1 C. J. 1041, Section 171, saying: ''Actions or proceedings in rem are di-

30

rected against the thing or property itself, to establish the status or condition thereof, and procure a judgment which shall be binding and conclusive against the world.'' While the excerpts supra from 50 Corpus Juris seem to contemplate that a personal defendant was involved who was interested in the res proceeded against yet the authorities are to the effect that proceedings in rem to establish a status also require the acquisition of jurisdiction of the thing to be so statused, although beneficial ownership in the res may not exist in any individual—an illustration of which is the fixing of a political status. On the direct issue involved see 43 C. J. 92, Section 37. We have seen that no notice was given in this case (and which fact is undisputed) and none was attempted to be given until the convening of court, and under the cited declarations of law it was ineffectual, even if the notices were posted in the manner directed by the statute but less than the time required thereby, and which brings us to subdivision (b) of ground (1).

The testimony in the case—all of which, as we have said, was directed to the issue raised by that subdivision—showed without contradiction that at least two of the three notices that were posted within the territory of the proposed incorporation were put up on the inside of two store buildings of persons engaged in business in the town and not in some open space. It is extremely doubtful if that posting met the requirements of the statute; but, inasmuch as we have seen that the time element was not complied with it becomes unnecessary to determine the question raised by this subdivision, and which brings us to a consideration of ground (2) supra.

2. It will be observed from the foregoing recitations of the facts that there was no submission of the incorporating proceedings during the October, 1937, term of Court and that the judgment appealed from was rendered during vacation at a distant county seat without any sort of notification of such a contemplated purpose and whereby interested parties might be prevented from appearing and being heard upon any objections they desired to urge. The two cases above cited from 263 Ky., 91 S. W. (2d) (Green and Lamereaux) disapprove such a practice and each of them expressly held that a judgment rendered in such circumstances is void. Such hold-

ings render it unnecessary to lengthen the opinion by a more protracted discussion of that phase of the case. They speak for themselves and the rule announced is a most wholesome and healthy one, since its purpose is to prevent secretly obtained judgments materially affecting the social status of a community, from the consequences of which no relief would, perhaps, be available except a proceeding under Capter XIII of the Civil Code of Practice cited supra, and which parties directly interested might not be able to persuade the proper authorities to take. However, if ground (2) should be held by us to be unavailable we are yet confronted with the defective publication as pointed out supra in disposing of ground (1) rendering the judgment void.

Wherefore, the judgment is reversed, with directions to set it aside and sustain plaintiffs' motion to set aside the incorporating judgment, and to permanently enjoin defendants from functioning as a municipal corporation or officers thereof as prayed for in the petition, and for other proceedings not inconsistent with this opinion.

The whole Court sitting, except Judge Rees, who was absent.