# Dickerson et al. v. Sharpe et al.

Sept. 29, 1942.

C. S. Landrum, C. E. Rice, Jr., and Edwin R. Denney, Jr., for appellants.

Fritz Krueger for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

On July 22, 1941, appellees, one hundred sixty nine in number, constituting more than two-thirds of the voters living within the boundary hereinafter described, filed their petition in the Rockcastle circuit court requesting the court to enter an order establishing and incorporating the boundary as a city of the sixth class of this Commonwealth. The boundary is described as follows:

"All that territory or boundary contained within a

square, the corners of which shall be located one-half mile (½) in each direction, namely, one-half mile north, south, east and west from the concrete marker located in U. S. Highway No. 25 immediately opposite and in front of the Livingston Graded and High School building in what was formerly Livingston, Kentucky.''

The proceedings were instituted under sections 3713 to 3716, inclusive, Carroll's Kentucky Statutes. These sections provide that a town may be established by petition filed in the circuit court clerk's office by two-thirds of the voters living within a boundary not exceeding one-half mile in each direction. The petition must be filed at least twenty days before a regular term of court and the act requires notice of filing of the petition to be given in two issues of a newspaper of general circulation in the county.

Section 3715 provides that if the population within the prescribed boundary is sufficient, and proper notice or publication has been made or given, the court must enter judgment that the town is established. Notice of the filing of such a petition was prepared by appellees and delivered to the Mount Vernon Signal, a newspaper of general circulation in Rockcastle county, with direction to the editor to cause the notice to be published in two issues of the paper. This direction was not carried out and the notice appeared in only one issue. Appellants appeared and objected to the incorporation of the city on the ground that only one notice of the filing of the petition had been published. The objection was overruled and an order entered declaring the city to be established. After the order had been entered, but at the same term of court, appellants moved the court to declare the judgment void on the ground that, since the petitioners had failed to comply with the mandatory requirements of the statute in respect to notice, the court was without jurisdiction to enter the order. The motion to set aside the judgment was overruled and an appeal to this court was granted from that order.

The purpose of requiring the notice to be twice published is to inform the public, particularly the residents of the boundary proposed to be established as a city, that such action is contemplated, and to give them opportunity to protest and question the legality of the procedure. We have heretofore held that this requirement

of the statute must be complied with strictly, before the court may take jurisdiction of the question and enter judgment thereon. Booth v. Copley, 283 Ky. 23, 140 S. W. (2d) 662.

It is argued by appellees that, since appellants entered their appearance to the proceeding in the lower court before any action was taken by the chancellor, the purpose of the notice was accomplished and they cannot now rely upon the failure of publication to set aside the order. We do not consider this contention to be sound. The two appellants in this case are not the only persons who may be interested in the question, nor are they the only ones entitled to be notified of the contemplated incorporation. The parties have stipulated that there are eighty four inhabitants and voters, residing within the territory proposed to be incorporated, who did not sign the petition. Each of those persons and the public in general is entitled to have the notice published as required by the statute. It necessarily follows that the judgment establishing the town of Livingston as a city of the sixth class is void, and the court should have sustained appellants' motion to set it aside.

Complaint is made that the territory proposed to be incorporated exceeds in extent the limits prescribed by the statute. Section 3713 among other things provides, "* * * nor shall the boundary of any city when incorporated, exceed one-half of a mile in each direction, the form of the city being square; * * *." As pointed out in the case of Saylor v. Town of Wallins, 220 Ky. 651, 295 S. W. 993, a violation of this provision of the statute does not deprive the court of jurisdiction but is an irregularity which can be attacked only by quo warronto proceedings.

The judgment is reversed.