## Commonwealth ex rel. Meredith, Atty. Gen., v. Whitt et al.

Oct. 23, 1942.

Hubert Meredith, Attorney General, and Howard C. Hadden and Reid Prewitt for appellant.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The action culminating in this appeal and another action hereinafter mentioned arose like phoenixes from the ashes of a former appeal to this Court, the opinion in which is reported in Marshall v. Whitt, 287 Ky. 290, 152 S. W. (2d) 945, 947.

Pursuant to the 1940 amendment, Acts 1940, c. 71, to Section 4399-24 of the Kentucky Statutes, the county board of education of Montgomery County divided the county into districts, some of which were noncontiguous in territory. Two hold over members of the board filed a declaratory judgment action against the three newly elected members in which they sought an adjudication that the election of the three members was void. The plaintiffs in that action appealed to this Court from an adverse judgment and on that former appeal we affirmed the judgment of the lower court holding that the plaintiffs could not maintain an action of this character "since such relief was obtainable only through an appeal from the order of the county board to the county court as provided for in the 1940 amendment."

A close analysis of the former opinion discloses that this was the only question actually decided. However, in discussing the questions involved, it was said that if the defendants were usurpers of an office the remedy would be by the quo warranto proceeding provided by Section 480 of the Civil Code of Practice. The opinion also stated the doubts of the Court as to the correctness of the board's action in establishing noncontiguous districts but then went on to say that "under the conclusions to which we have arrived the necessity for a final determination of that question is eliminated."

The former opinion went on to say that it might be true that an appeal might yet be prosecuted to the county court from the order of the board establishing the districts, but it was expressly stated that this question was not decided. The former opinion also said "we do not coincide with the opinion in holding that it was competent for the board to divide the county school district into election divisions which were not contiguous, the consequence of which is that a division into voting sections or areas entirely contiguous may yet be done."

Following the former opinion, the appellants on that appeal attempted an appeal to the county court from the order of the county board establishing the districts. The county court dismissed the appeal for the reason that it was not filed within sixty days. On appeal to the circuit court from the county court's judgment, the latter judgment was affirmed. An appeal was taken to this Court from the judgment of the circuit court and that appeal was dismissed by us on October 20, 1942, for the reason that no appeal laid to this Court from the action of the circuit court.

The action with which we are now dealing was filed by the Commonwealth on relation of the Attorney General, purportedly as a quo warranto proceeding under Section 480 of the Civil Code of Practice, against the three newly elected members of the board to oust them from office. Apparently the motivating cause behind the action was the language of the former opinion that such would be the proper remedy if the defendants were usurpers of an office.

It is contended by appellant that the action of the county board in setting up noncontiguous districts was void and consequently that appellees are usurpers in claiming to hold offiice as members of the board of education in such void districts. It is insisted that on the former appeal we decided that it was not competent for the board to set up noncontiguous districts and that a division into contiguous districts could yet be made and therefore that the attempted noncontiguous division into districts by the board was void. It is apparent, however, that the author of the opinion was merely saying *if* an appeal could still be taken from the order of the board establishing the districts (a question not decided) then a division into contiguous districts may yet be had. In any event there was no holding that the establishment of the noncontiguous districts by the board was void. Such action on the part of the board, if wrong, was merely erroneous and not void since the board in making the division had jurisdiction of the subject matter—it was performing a duty imposed upon it by statute at a time authorized by the statute. The situation is somewhat analogous to that of noncompliance with a statute in the establishment of a municipal corporation by the inclusion of too much territory or too many inhabitants. Errors of this character are held to be mere irregularities and

not jurisdictional. Saylor v. Town of Wallins, 220 Ky. 651, 295 S. W. 993; Vanover v. Dunlap, 172 Ky. 679, 682, 189 S. W. 915. In the light of these authorities it is clear that any wrongful action on the part of the county board in establishing noncontiguous districts is merely erroneous and not void and that the remedy provided to correct such errors is that of appeal to the county court provided by the statute.

Appellant pitches its whole case upon the assumption that the action of the county board was void. In view of our conclusion that this assumption was unfounded, no support remains for appellant's theory.

Judgment affirmed.

