James V. MAHON et al., Appellants,

v.

BUECHEL SEWER CONSTRUCTION DISTRICT #1 et al., Appellees.

Court of Appeals of Kentucky.

March 23, 1962.

**684**

Heber E. Johnson, Lee S. Jones, Louisville, for appellants.

John A. McCrea, Louisville, for appellees.

PALMORE, Judge.

KRS 76.300 to 76.315 establish a procedure by which the Jefferson County Court may create a sewer construction district as a body corporate and appoint the members of its governing commission. Any party may appeal to the circuit court and from there to this court. KRS 76.305(3). In this case the county court entered an order on June 1, 1959, establishing such a district and appointing its commissioners. On September 29, 1959, two of the original petitioners and several others who theretofore had not been "parties" to the proceeding (cf. Ray v. Luckett, Ky.1960, 332 S.W.2d 848; Woodrow v. Louisville & Jefferson County Planning and Zoning Commission, Ky.1961, 346 S.W.2d 538) moved the county court to set aside its order of June 1, 1959, and a subsequent classification order (KRS 76.345) entered on June 29, 1959, on the ground that they were void. CR 60.02. This motion was overruled on November 2, 1959, and on November 19, 1959, the county court overruled a further motion (made

that day) tendering an answer. From these two orders of November 2 and 19 the objectors appealed to the circuit court.

The appeal in circuit court was dismissed for the reason that the various actions taken or attempted by the appellants in asserting their objections in the county court were not timely.

Any order that is appealable has the status of a judgment under CR 54.01, and CR 59.05 limits to 10 days the period in which it can be reached by motion unless the grounds therefor bring the motion within CR 60.02. The county court orders attacked by the motions of September 29 and November 19, 1959, were appealable by the express terms of KRS 76.305(3) and KRS 76.350, and had been entered in June of 1959, more than 10 days prior to each motion. Hence the action of the circuit court was correct unless, as the appellants contend, the orders in question were void.

The grounds on which it is claimed the orders were void are:

(1) The petitioners who instituted the proceeding under KRS 76.300 numbered less than 25% of the resident freeholders in the proposed district, and the county court therefore had no jurisdiction to proceed.

(2) The description of the proposed district was fatally defective.

(3) The notices required by KRS 76.-305, 76.335, and 76.345 were not posted in three public places within the district.

(4) The commissioners appointed by the order of June 1, 1959, were not residents of the district as required by KRS 76.315.

The first of these points arises from the circumstance that the actual dwelling houses of some of the petitioners were outside the boundaries of the district, though located on lots that were partially within the district. Whether those persons qualified as "resident freeholders" within the meaning of this particular statute is a question we need not decide, however, because in

any event the county court had jurisdiction of the subject matter and of the parties and its judgment could not have been void. See Vanover v. Dunlap, 1916, 172 Ky. 679, 189 S.W. 915, and Saylor v. Town of Wallins, 1927, 220 Ky. 651, 295 S.W. 993.

■ The description of the proposed district as set forth in the petition and subsequent notices was as follows:

> "Beginning at a point in the center of Bardstown Road where the sewer line of the Metropolitan Sewer District ends at Hikes Graded School and extending 100 feet on either side of Bardstown Road; thence in a Southeastwardly direction between lines parallel to said Bardstown Road to its junction with Crawford Avenue and Bardstown Road."

The first argument on the description is that the word "either" means one or the other but not both, hence the reference to a boundary extending 100 feet "on either side" of the road is ambiguous. But however correct this position may be from a grammatically puristic standpoint, we doubt that the average reader of the description was any more fastidious a grammarian than the draftsman himself. One would scarcely take it that the word "either" was really intended in the sense of an alternative. Obviously it meant "each," and we do not believe that anyone could have been misled by construing it otherwise, especially after reading the description through to the end.

The second criticism of the description is that by use of the center of the road as a beginning point it could easily be taken to mean that the intended area of coverage extends only 100 feet in each direction from the center line rather than 100 feet beyond the right-of-way lines of the highway. Since the right-of-way is 90 feet wide, the inference would be that the proposed district embraced the property abutting the highway to a depth of only 55 feet instead of 100 feet. But a literal reading of this call in the description excludes any such interpretation. It does not say the line extends 100 feet on either side of the place of beginning; on the contrary, it says specifically and categorically, "on either side of Bardstown Road." (Emphasis added.) There should be no mistake on that score. A description that literally admits of but one construction cannot be held ambiguous.

We conclude that the description was sufficient to put all affected property owners on notice.

■ KRS 76.305, 76.335 and 76.345 require that, in addition to newspaper advertisement, notice be posted "in three public places within the proposed district." In this case copies of the notice were posted at a U. S. Post Office and on two telephone poles. Appellants contend that because telephone poles are private property, subject to removal by the owner at any time, they cannot be "public places" within the meaning of these statutes. But why not? If a notice is posted in a place where the attention of the public is likely to be attracted to it, the purpose of the law is satisfied regardless of who may own the property on which it is displayed. "A public place, within a requirement as to the posting of notices, is usually defined as some place to which the public resorts, so that a notice in such a place may be expected to be seen by persons who are interested therein or affected thereby." Annotation, "What is 'public place' within requirement as to posting of notices," 2 A.L.R. 1008. If a tree, pole or any other structure is so situated that a notice posted on it is likely to be seen and read by the public, it is in a "public place." Town of Wilson v. City of Sheboygan, 1939, 230 Wis. 483, 283 N.W. 312. There is no allegation in this case that the poles were not so located.

■ The last point is that the commissioners appointed by the county court were not residents of the district. KRS 76.315. Assuming this to be true, parties adversely affected by the judgment could

have had the error reviewed by timely motion and appeal, but the judgment is not void. A proceeding by the Commonwealth is the exclusive method by which the eligibility of these commissioners may now be questioned, the sewer district being a public corporation. KRS 415.030; Kirwan v. Speckman, 1950, 313 Ky. 578, 232 S.W.2d 841; Morgan v. Adams, 1933, 250 Ky. 441, 63 S.W.2d 479; Hermann v. Morlidge, 1944, 298 Ky. 632, 183 S.W.2d 807; Wells v. Lewis, 1945, 300 Ky. 675, 190 S.W.2d 28.

Judgment affirmed.