George GRUBB et al., Appellants,

v.

WURTLAND WATER DISTRICT et al., Appellees.

Court of Appeals of Kentucky.

Nov. 25, 1964.

A. W. Mann, Paul C. Hobbs, Ashland, for appellants.

Lewis H. Nicholls, Greenup, for appellees.

PALMORE, Judge.

This is an action brought in the Greenup Circuit Court to declare void a judgment of the Greenup County Court establishing a water district under KRS 74.010 and to enjoin its commissioners from exercising the functions of their office. The plaintiffs appeal from a judgment sustaining a motion to dismiss.

KRS 74.010 authorizes the county court to establish a water district upon petition of 75 resident freeholders of the proposed district, followed by public notice and hearing. Pursuant to this procedure the Greenup County Court entered a judgment on June 6, 1960, establishing the Wurtland Water District. The judgment recited in detail all the steps and details requisite to compliance with the procedural requirements of the statute, including publication of notice in the Greenup News, a newspaper of general circulation in the county, on April 1, 8, and 15, 1960, and further recited that more than 30 days had elapsed since such publication and no objection, remonstrance or defense had been made. So, except for the particular irregularities that are made the basis of this lawsuit, it may be assumed that the requirements of the statute were carried out to the letter.

This action was filed on April 23, 1964, just as the water district was about to conclude arrangements to finance construction of a water and sewage disposal system at a cost of more than $500,000. The complaint alleges that the petition presented to the county court in 1960 bore 87 signatures, that 18 of the signers were not resident freeholders of the proposed district and that 34 of the signatures were taken, without consent of the parties signatory, from another and independent petition theretofore circulated for the purpose of supporting a voluntary fire district.

■ A judgment that is void can be collaterally attacked. The appellants claim the judgment of the Greenup County Court establishing the water district is void on either of two theories, (1) because the requirement of 75 resident freeholders is mandatory and jurisdictional and (2) because the judgment was obtained by fraud.

"In general * * * where the right of the court to assume jurisdiction of a cause and proceed to judgment depends upon the ascertainment of facts in pais and the court retains jurisdiction it thereby impliedly adjudges that the requisite jurisdictional facts exist and having found such facts in favor of jurisdiction, its decision in this respect, whether erroneous or not, cannot be questioned in a collateral proceeding. * * * It is undeniable that if a court of limited jurisdiction is charged with the ascertainment of jurisdictional facts, and its record and proceedings show such facts were ascertained, they cannot be collaterally impeached." Freeman on Judgments § 350, pp. 719, 721.

■ Perhaps this is just a roundabout way of saying that in such a case the court really does have jurisdiction, because if it did not have it the judgment would be a nullity, open to attack anytime and any place. As we have had occasion to suggest before,[1] the word "jurisdiction" often serves as a policy label, marking off the indispensable from the dispensable. And so it is in this type of case. Whether the requisite number of people live in an area, or have signed a petition, is a question that upon due advertisement is not likely to be overlooked by potential objectors; one reasonable opportunity to raise it is enough. Should we call it truly "jurisdictional" it might never be finally aired and settled. Just as a county court has the power to probate a will by determining that it *is* a will, even though it might not be,[2] so does it have the power under KRS 74.010 to determine that the requisite number of qualified persons have signed the petition, and to act upon that petition.

It was held in Mahon v. Beuchel Sewer Construction District #1, Ky., 355 S.W.2d 683 (1962), that the lack of enough qualified petitioners did not invalidate a judgment of the county court establishing a sewer construction district pursuant to KRS 76.-300 to 76.315. Reference was made to the cases of Vanover v. Dunlap, 172 Ky. 679, 189 S.W. 915 (1916), and Saylor v. Town of Wallins, 220 Ky. 651, 295 S.W. 993 (1927), both of which involved collateral attacks on judgments incorporating 6th class cities. In Vanover it was alleged that the territory incorporated did not contain the minimum number of inhabitants required by the statute. In Saylor it was claimed that the area was larger than the statute authorized. These were held not to have been jurisdictional defects. On the other hand, substantial compliance with statutory requirements for publication has generally been held indispensable, absent which a judgment in an annexation or incorporation proceeding will be void. Booth v. Copley, 283 Ky. 23, 140 S.W.2d 662 (1940); O'Hara v. City of South Fort Mitchell, Ky., 290 S.W.2d 455 (1956). The point of difference is that the one type of irregularity does not abridge the opportunity of affected parties to be heard, while the other (lack of notice) does.

■ Palmer v. Elizaville Graded Common School Dist., 235 Ky. 75, 29 S.W.2d 648 (1930), cited by appellants, was a case in which a school district annexed territory by proceeding in county court under a statute that had been repealed. A collateral attack six years later was sustained. The original proceeding having been entirely without color of authority it was, of course, nothing. The county court had no jurisdiction of the subject matter. But when, as in this instance, there is in full

---

1. Cf. Commonwealth Dept. of Highways v. Berryman, Ky., 363 S.W.2d 525, 526 (1963).

2. Cf. Hensley v. O'Forest, 313 Ky. 789, 233 S.W.2d 996, 998 (1950).

**324**

force and existence a statute empowering the county court to entertain a special type of proceeding, it has jurisdiction of that subject matter. Cf. Freeman on Judgments § 337, p. 675.

It is our conclusion that an insufficiency in the number of qualified petitioners required by KRS 74.010 is a nonjurisdictional, nonfatal defect.

Not every fraud will subject a judgment to collateral attack. Reams and volumes have been written on the terms "intrinsic" and "extrinsic" fraud. "But the invention of the formula or rule of extrinsic fraud has not solved the intrinsic difficulty of its application, and it will be seen from an examination of the authorities that it is not easy to determine what frauds may be regarded as extrinsic or collateral to the matter tried in the original action and what are intrinsic. In fact, it may be doubted whether in some cases it is possible to say whether the fraud is extrinsic or intrinsic." Id., § 1233, p. 2570.

Again, as in the case of "jurisdiction," the technical label sometimes tends to divert attention from the substance of the goods it was invented to identify. For our purposes here, we are disposed to accept the general proposition that the kind of fraud for which a judgment may be collaterally attacked is that which prevents the affected party or parties from appearing or presenting fully and fairly their sides of the case. Cf. Clay, Civil Rules, CR 60.02, Note 7; 30 Am.Jur. 628 (Judgments § 657); United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93 (1878). Such a situation is well illustrated by Houston's Guardian v. Luker's Former Guardian, 253 Ky. 602, 69 S.W.2d 1014 (1934), in which a guardian obtained a judgment authorizing the expenditure of his ward's funds to buy a piece of land owned by the guardian but held in the name of another. In this case, however, the residents and freeholders of the proposed district, the real parties in interest, were given public notice of the filing of the petition and ample opportunity to be heard. If some of their names had been forged, lifted or transferred from another document, still there is nothing from which we can infer that it lulled, gulled or seduced them into inactivity. If there was a fraud, it was in the process of launching the project, when there was still time and opportunity, with a modicum of diligence, to discover and present it. This being so, the defect is of the same proportion and falls under the same policy as the insufficiency in number of qualified signers, the first point above discussed.

We hold the alleged fraud insufficient to support a collateral attack.

The judgment is affirmed.