John W. GARNER, Judge, Pulaski County Court, Appellant,

v.

J. F. HARRIS et al., Appellees.

Court of Appeals of Kentucky.

Sept. 24, 1965.

Charles E. Adams, Somerset, for appellant.

H. K. Spear, Somerset, Randall Bertram, Monticello, for appellees.

HILL, Judge.

This appeal undertakes to reverse a Pulaski Circuit Court judgment setting aside an order and judgment of the Pulaski County Court entered September 30, 1964, pursuant to KRS 25.680 reapportioning Pulaski County into five magisterial districts in lieu of eight districts theretofore existing.

Appellant presents the three following questions (SIC):

"(1) Does the Circuit Court have the jurisdiction to grant the relief adjudged herein?

"(2) Does the record show a substantial failure to comply with the provisions of the statutes setting forth the procedure for reapportioning justices' districts?

"(3) Does the action of the Commissioners and County Court appear arbitrary or an abuse of discretion?"

Inasmuch as questions one and two dovetail to warrant a single answer, we first dispose of those two questions. KRS 25.680–25.700 empower the county court to reapportion a county into magisterial districts. The statute is silent as to who may apply. However, it is implied that an "application" must be made in that portion of the statute requiring notice to be given of the "application."

Appellees contend the notices given in this case were insufficient. An original notice appears in the record along with various photographs taken showing the buildings and positions thereon where the notices were posted. The notices were printed on regular postal cards, and the printing thereon is rather small. However, they were posted at eye-level positions in places the public was accustomed to pass by, and otherwise complied with the statute as

to number to be posted and the places of posting in the county. No doubt larger handbills with bolder type would have been preferable, but we conclude the notices were sufficient. Certainly the public got the news as evidenced by the prompt filing of exceptions to the report and order redistricting and persistent opposition in the courts. This Court said in Lyon v. County of Warren, Ky., 325 S.W.2d 302, 305 (1959):

"In reaching a conclusion as to the substantiality of the compliance with the law, or the effect of an irregularity in the official notice, the court has often considered whether the voters otherwise had full and actual notice of the election and of the question submitted and whether the great body of the people had actually expressed themselves at the polls."

Appellee questions the sufficiency of the notices because some were posted on the Sabbath. Some or all of the notices were physically posted on Sunday. They remained posted a greater time than required by the statute. They served the purpose for which they were posted. To say the notices were unlawful and ineffective just because they were manually tacked up on the Sabbath would distort the old Bible injunction to keep the Sabbath. Anyway, Lyon v. County of Warren, supra, answers this question contrary to appellee's contention.

■ Having determined the notices sufficient and the other steps regular, the scope of our review is to determine whether the county court acted arbitrarily or abused its discretion. Wilson v. Dean, Ky., 177 Ky. 97, 197 S.W. 547, 550 (1917), has this applicable comment in a case involving the statute in question:

"The jurisdiction of the county court in the matter of reapportioning the county, in which it sits into justices' districts is exclusive and complete, and as unlimited as the nature of the matter will admit of. No other court has or

can exercise any original jurisdiction in regard to it. It is, indeed, a special statutory proceeding, but the jurisdiction to act in such a matter is common to all the county courts in the state * * *."

The trial court not only found the notices insufficient, but it found the county court acted arbitrarily and abused its discretion. In fact, the trial court found the whole proceeding in the county court to be a "comedy of errors." The evidence indicates some of the persons who posted notices were not well familiar with the county and its precincts. The same situation prevailed as to one or two of the commissioners. It may be true that the three commissioners were not as well acquainted with the county and the boundaries of its voting precincts as would be desired, but we think they were sufficiently acquainted with those boundaries, with other information, such as the results of previous voting records, to do a reasonably intelligent job of reapportioning. The reapportioned map indicates the districts resemble a wagon wheel with the county seat constituting the hub. The difference between the smallest and largest districts as reapportioned was only 474 based on the most recent voting records; whereas, the previous difference was 6,038. From the evidence, we cannot say the county court either acted arbitrarily or abused its discretion.

■ The second question presented concerns whether or not there was substantial failure to comply with the provisions of the statute setting forth the procedure in such cases. We have discussed all questions raised in this respect except the contention that the posting of some of the notices on Post Offices was not sufficient. In Mahon v. Buechel Sewer Construction District #1, Ky., 355 S.W.2d 683, 685 (1962), this Court said:

"If a notice is posted in a place where the attention of the public is likely to be attracted to it, the purpose of the law

is satisfied regardless of who may own the property on which it is displayed."

This case was decided by five members of this Court during vacation. The order was entered August 24, 1965, providing for the opinion to follow. Since that time, it has been discovered by the county court clerk of Pulaski County that Voting Precinct 5 was not included in either of the five newly formed magisterial districts, and such fact has been called to our attention by appellee. However, appellant has filed response containing a copy of a nunc pro tunc order of the county court including such Voting Precinct 5 in Magisterial District 5. It appears to be a proper correction of a clerical error which does not go to the merits of this controversy.

Wherefore, the judgment appealed from is reversed with directions that it be set aside and another entered upholding the order and judgment of the county court.