**CITY OF ST. MATTHEWS, Appellant,**

v.

**George L. BEHA et al., Appellees.**

Court of Appeals of Kentucky.

April 15, 1977.

J. W. Jones, Louisville, for appellant.

Robert L. Sloss, Stuart E. Lampe, Sheryl G. Snyder, Wyatt, Grafton & Sloss, W. Waverly Townes, Nold, Mosley, Clare & Rogers, J. Bruce Miller, County Atty., Kyle Hubbard, William L. Hoge III, Nold, Mosley, Clare & Rogers, Louisville, for appellees.

Before HOWARD, REYNOLDS and VANCE, JJ.

VANCE, Judge:

This is an appeal from a summary judgment of Jefferson Circuit Court which invalidated an annexation of territory by the City of St. Matthews, Kentucky, upon the ground that the city failed to publish notice of the filing of the annexation suit as required by statute.

St. Matthews is a fourth-class city. The statutes which govern the publication of notice in annexation procedures in fourth-class cities are KRS 81.210 and 81.220, which provide as follows:

"81.210 (3483) *Annexation or reduction of territory by fourth-class city.*

"Whenever a fourth-class city desires to annex any territory or to reduce the boundaries of the city, the city legislative body shall, by ordinance, accurately define the boundary of the territory proposed to be annexed or stricken off. The ordinance shall be published pursuant to KRS Ch. 424. Within thirty days after the adoption, publication and advertisement of the ordinance, a petition shall be filed in the circuit court of the county within which the city is situated, in the name and on behalf of the city, setting forth the passage, publication and advertisement of the ordinance and its object and purposes, together with an accurate description by metes and bounds of the territory proposed to be annexed or stricken from the city, and praying for a judgment to annex the territory or strike it from the city. The petition shall be filed not less than twenty days before the first day of the next succeeding term of the circuit court in that county. Notice of the filing of the petition shall be given in the same manner as notice of passage of the ordinance. The circuit court shall not have jurisdiction of the proceedings unless the required publication or advertisement of the ordinance contains notice of the proposed proceedings in the court. If no defense is made at the first term of the court after the filing of the petition and notice and the court makes no order for granting future time for making defense, the court shall render judgment annexing or striking off the proposed *territory.* (Emphasis added.)

"81.220 (3483) *Protest against annexation by fourth-class city; Trial; Judgment.*

"(1) At the first term of the circuit court, or within the time fixed by the court by its order, any one or more of the resident voters of the territory proposed to be annexed or stricken off may file a defense in the proceeding, setting forth the reasons why the territory or any part of it should not be annexed to the city, or why the limits of the city should not be reduced. The case shall be tried by the court without the intervention of a jury. If the court, upon hearing, is satisfied that less than a majority of the resident voters of the territory sought to be annexed or stricken off have remonstrated against the proposed extension or reduction, and that the proposed extension or reduction of the limits of the city will be for the interest of the city and will cause no material injury to the owners of real estate in the limits of the proposed extension or reduction, the proposed extension or reduction shall be decreed. If the court finds that a majority of the resident voters in the territory to be affected, or the owners of the property if there are no resident voters, have remonstrated against the change, and that the change will cause material injury to the owners of real estate in the limits of the proposed extension or reduction, the extension or reduction shall be denied. Costs shall follow the judgment. An appeal shall lie from the judgment as in other cases.

"(2) if the judgment is in favor of the city, the clerk of the court shall certify the judgment to the city legislative body, which shall enter the judgment on its records and shall thereupon, by ordinance, annex to or strike from the city the territory described in the judgment."

For some reason which does not appear of record the general assembly has prescribed

for annexation in fourth-class cities a procedure entirely different from that used by cities of the first three classes. See KRS 81.100 and 81.110. In doing so it has enormously complicated the annexation procedures in fourth-class cities in counties where the circuit court is in continuous session.

In seeking to comply with the statutory procedure the St. Matthews City Council enacted an ordinance proposing annexation of certain territory. This ordinance was published one time in compliance with KRS 424.130(1)(a). The publication contained a notification that within thirty days the city would file in the Jefferson Circuit Court a petition asking for judgment to annex the territory. On February 21, 1975, within the thirty-day limit, the city filed its petition to annex.

KRS 81.210 requires that notice of the filing of the petition be given in the same manner as notice of the passage of the ordinance. Notice of the passage of the ordinance was required to be given pursuant to KRS, Chapter 424 and was satisfied by one publication in a qualified newspaper within thirty days of passage.

Accordingly St. Matthews published on February 27, 1975, notice of filing of the petition. The notice contained a statement that any person who desired to protest the annexation could do so not later than March 31, 1975, by filing proper pleadings in the Jefferson Circuit Court.

St. Matthews contends that this publication gave notice of the filing of the petition in the same manner as it gave notice of the passage of the ordinance and therefore completely satisfied the requirements of KRS 81.210 and KRS 424.130(1)(a).

The appellees contend the purpose of the publication of the notice of filing the petition was to inform the populace of the time within which they could make a defense to the annexation petition and that by reason of KRS 424.130(1)(b) the notice was required to be published not more than twenty-one days nor less than seven days before the last day of the time to act.

This contention is predicated upon KRS 424.140(4) which provides as follows:

"Where any statute provides that, within a specified period of time after action by any governmental agency, unit or body, members of the public or anyone interested in or affected by such action shall or may act, and it is provided by statute that notice of such governmental action be published, the advertisement shall state the time and place when and where action may be taken."

KRS 81.210 requires that notice of filing the petition be published. KRS 81.220 provides a specified period in which members of the public can remonstrate.

Appellees contend therefore that KRS 424.140(4) requires notification of the time to remonstrate and KRS 424.130(1)(b) requires this notice to be published not more than twenty-one days before the last day to remonstrate.

The time to remonstrate or file a defense is fixed by KRS 81.220 as any time during the first term of court or within the time fixed by the court by its order. The court did not by order fix a time for filing defense. It follows that defense could be made at any time during the next term of circuit court following the filing of the petition.

The difficulty with the statute in this case is that Jefferson Circuit Court is a court of continuous session and does not have fixed terms.

In selecting and advertising the last date to defend against the petition the city had two options. It could hazard a guess as to what the general assembly intended or it could have asked the judge of the circuit court to fix a date for remonstrance. It chose to hazard a guess and in its advertisement it fixed the last date of remonstrance as March 31, 1975. That would have been the last day of the March term of circuit court if Jefferson Circuit Court had a March term. Since Jefferson Circuit Court did not have a March term, appellant is reduced to the argument that its notice was a substantial compliance because citizens in the other five classes of cities are given

thirty days by statute after the enactment of an annexation ordinance to remonstrate. As we have pointed out, however, for some unknown reason the general assembly has provided an entirely different annexation procedure for cities of the fourth class.

Even if we could hold that the allowance of a thirty-day period for remonstrance was a substantial compliance, the published notice runs afoul KRS 424.130(1)(b) because it was published more than twenty-one days before the time to remonstrate expired.

■ Appellant contends that KRS 424.130(1)(a) rather than (1)(b) is applicable because KRS 81.210 requires that notice of the filing of the petition shall be given in the same manner as notice of the passage of the ordinance. Publication of notice of passage of the ordinance pursuant to KRS 424.130(1)(a) was sufficient, but it is obvious that the purpose of the notice of filing the petition was to inform citizens that within a certain time they had a right to respond to the petition. The notice was a form of constructive service of process and unless the statutory form was strictly complied with, the service was bad. See *Booth v. Copley*, 283 Ky. 23, 140 S.W.2d 662 (1940); *Vincent v. Bowling Green*, Ky., 349 S.W.2d 694 (1961).

■ We regard it unnecessary to speculate what period of time in a court of continuous session is the equivalent of a term in other courts because in any event the notice actually published in this case was published more than twenty-one days before the date fixed in the advertisement as the last day to remonstrate.

We agree with appellant that the statute is vague and is subject to more than one interpretation. It was within the power of appellant to comply with the statute, however, by the simple expedient of asking the court to fix by order the last day for remonstrance and publishing the notice of the filing of the petition not less than seven nor more than twenty-one days before the date so fixed.

The judgment is affirmed.

All concur.