Joe W. WAKEFIELD and Marion Hughes Wakefield, Appellants,

v.

CITY OF SHELBYVILLE, Kentucky, Appellee.

Court of Appeals of Kentucky.

March 10, 1978.

Thomas Todd Davis, W. Stephen Wilborn, Wilborn & Davis Law Offices, Shelbyville, for appellants.

C. Lewis Mathis, Jr., Mitchell, Mathis & Riggs, Shelbyville, for appellee.

Before HOWARD, PARK and WHITE, JJ.

PARK, Judge.

This is an appeal from a judgment of the Shelby Circuit Court annexing the territory generally known as the Town 'N Country subdivision to the City of Shelbyville, a city of the fourth class. The appellants, Joe W. Wakefield and Marion Hughes Wakefield, are resident voters within the territory to be annexed.

The legislature has provided a special procedure for annexation by fourth class cities. Cities of the other five classes are allowed to annex unincorporated territory unless litigation is initiated to oppose annexation. *See* KRS 81.100 and 81.110; KRS 81.140; KRS 81.190; KRS 81.230; and KRS 81.240. However, a fourth class city must itself initiate litigation as a prerequisite to annexation. KRS 81.210.

On this appeal, the appellants make the following contentions: (1) that the city failed to give the required statutory notice of the commencement of the annexation litigation; (2) that the annexation proceeding must be dismissed because of the defective notice; (3) that the city is barred for a period of two years from initiating new proceedings to annex the territory in question because of the provisions of KRS 81.-270.

## I

As a prerequisite to annexation by a fourth class city, KRS 81.210 provides that the city must first describe the boundary of the territory to be annexed by ordinance. The statute then provides that this ordinance must be published "pursuant to KRS Ch. 424." Within thirty days of the adoption and publication of the initial ordinance, the city must file a petition in the circuit court seeking a judgment annexing the territory in question. KRS 81.210 then provides:

Notice of the filing of the petition shall be given in the same manner as notice of passage of the ordinance. The circuit court shall not have jurisdiction of the proceedings unless the required publication or advertisement of the ordinance contains notice of the proposed proceedings in the court. If no defense is made at the first term of the court after the filing of the petition and notice and the court makes no order for granting future time for making defense, the court shall render judgment annexing or striking off the proposed territory.

KRS 81.220(1) provides in part:

At the first term of the circuit court or within the time fixed by the court by its order, any one or more of the resident voters of the territory proposed to be annexed or stricken off may file a defense in the proceeding . . ..

KRS 424.140(4) provides:

Where any statute provides that, within a specified period of time after action by any government agency, unit or body, members of the public or anyone interested in or affected by such action shall or may act, and it is provided by statute that notice of such governmental action be published, *the advertisement shall state the time and place when and where action may be taken.* (emphasis added).

The appellants assert that the city has failed to comply with the requirements of KRS 424.140(4). We agree.

The relevant portion of the notice published by the city provided:

All persons will take notice that pursuant to KRS 81.210 et seq. the Board of Council of Shelbyville, Kentucky, adopted the ordinance hereinafter set forth on March 17, 1977, and will file petition in the Shelby Circuit Court seeking approval of annexation of the territory described in said ordinance, as required by law, on March 22, 1977. All persons desiring to protest said annexation are hereby placed on notice that protests must be filed in the Shelby Circuit Court setting forth the reasons why the territory or any part of it should not be annexed to the City.

The notice failed to make any reference to the time within which a person could file a defense against the annexation.

The trial court concluded that there had been substantial compliance with the statutes requiring notice of the petition for annexation. We disagree. This court stated in *City of St. Matthews v. Beha,* Ky. App., 549 S.W.2d 842, 845 (1977):

[T]he purpose of the notice of filing the petition was to inform citizens that within a certain time they had a right to respond to the petition. The notice was a form of constructive service of process and unless the statutory form was strictly complied with, the service was bad.

The notice specified that the original annexation ordinance had been adopted pursuant to KRS 81.210. However, there was nothing in the notice to indicate that the time for response to the petition for annexation was also governed by KRS 81.210 and 81.220. In the absence of any reference to the time within which a remonstrant could respond to the petition for annexation, the notice did not substantially comply with KRS 81.210 and KRS 424.140(4).

## II

The appellants assert that the judgment of the circuit court must be reversed with directions to dismiss the annexation petition. The appellants rely upon that portion of KRS 81.210 that provides that the circuit court "shall not have jurisdiction" of the annexation proceedings "unless" the required notice of the proceedings has been given. We disagree. Although the judgment of the circuit court must be set aside because of the deficiencies in the notice, the annexation proceeding itself need not be dismissed. It must be noted that KRS 81.210 provides that notice must be given of two separate events. First, the statute requires that notice be given of the ordinance proposing annexation. Second, notice must be given of the commencement of the annexation proceeding in circuit court. If the notice of the ordinance proposing annexation does not substantially comply with the statutory requirements for publication, the ordinance proposing annexation is itself invalid. *Vincent v. City of Bowling Green*, Ky., 349 S.W.2d 694 (1961). If the initial ordinance proposing annexation is invalid because of defects in publication of the notice, then a subsequent annexation petition filed by the city must be dismissed. *See City of Olive Hill v. Howard*, Ky., 273 S.W.2d 387 (1954). In this case, the notice of the enactment of the ordinance proposing annexation satisfied the statutory requirements for publication.

In *O'Hara v. City of South Fort Mitchell*, Ky., 290 S.W.2d 455 (1956), the court held that a judgment of annexation was subject to collateral attack because the notice of

the ordinance and the notice of suit *both* failed to comply with the statutory requirements for publication. In the absence of substantial compliance with the requirements for publication, the circuit court was without jurisdiction to render the final judgment of annexation. Not only was the notice of the annexation action defective, but the notice of the ordinance proposing annexation was also fatally defective.

In *Buchanan v. City of Dayton*, Ky., 363 S.W.2d 92 (1962), the City of Dayton, a city of the fourth class, sought to annex additional territory. After the passage of the ordinance proposing annexation and commencement of the annexation litigation, the City of Dayton discovered that a portion of the territory was already within the corporation limits of the City of Fort Thomas. The City of Dayton then enacted a corrective ordinance deleting the territory in question, and it amended its annexation petition to reflect the boundary change. In upholding the validity of the annexation proceedings, the court held:

> The boundary corrections had been duly enacted and advertised and were not substantial in comparison with the whole area to be annexed; in the absence of a showing of any particular prejudice it was properly within the discretion of the court to permit the necessary amendment.

*Id.* at 93. Implicit in this holding is a recognition that the validity of the final judgment of annexation did not depend solely upon the contents of the first notice of the annexation proceedings.

The only case cited by the parties or found by the court upholding the dismissal of the annexation proceeding solely because of a defect in the publication of the notice of the annexation suit is the decision of this court in *City of St. Matthews v. Beha, supra.* In that case, the circuit court had entered a summary judgment dismissing the city's annexation petition. On appeal, the city argued that it had substantially complied with the publication requirements for notice of the annexation suit. The opinion of the court was concerned only with

759

whether the notice substantially complied with the publication statute. The court did not consider whether the circuit court was correct in dismissing the annexation proceeding because of the defect in the notice of the annexation suit.

In *City of St. Matthews v. Beha, supra,* 549 S.W.2d at 845, this court emphasized that the notice of the annexation suit was a form of constructive service of process and that the service was bad unless there was strict compliance with the statutory requirements for publication. If there is a defect in service of process, the process should be quashed. However, a defect in service of process is not generally grounds for dismissing the proceeding. *Smith v. Wells,* 271 Ky. 373, 112 S.W.2d 49 (1937). In the absence of a showing of prejudice to the remonstrants, a defect in the publication of the notice of the commencement of the annexation proceeding should have only one consequence, namely, that no defense to the annexation proceeding need be filed until after a proper notice is published. *See City of Bardstown v. Hurst,* 121 Ky. 119, 28 Ky.L.Rep. 92, 89 S.W. 147, as modified on rehearing 121 Ky. 127, 28 Ky.L.Rep. 603, 89 S.W. 724 (1905). It should have no other effect.

There is nothing in the present record that would indicate that the appellants or any other remonstrants against the annexation would be prejudiced by a delay in the proper publication of the notice of the annexation proceeding. In fact, the very opposite is demonstrated by the record. At the hearings before the circuit court and on this appeal, the appellants have questioned only the procedures followed by the city, not the merits of the annexation. In fact, in an agreed statement of the case pursuant to CR 76 (now CR 75.15), the appellants have stipulated to the correctness of the circuit court's finding that the annexation will result in substantial benefits to the city and to the territory being annexed. In a memorandum opinion, the trial judge found that the action had received considerable publicity. The trial judge also noted that the city had expended considerable sums installing sewer lines within the area to be annexed.

Although the judgment of annexation must be reversed, we conclude that the annexation proceeding itself should not be dismissed. The city should be permitted to obtain the proper service of process by publishing a notice of the annexation suit which complies with the provisions of KRS 81.210 and KRS 424.140(4).

III

Because we hold that the annexation suit should not be dismissed, we do not reach the appellants' third contention that the city is barred under KRS 81.270 from instituting further annexation proceedings for a period of two years.

The judgment of the circuit court is reversed. The circuit court shall set aside the judgment of annexation without prejudice to further proceedings in conformity with KRS 81.210 et seq. The notice shall provide that a defense to the annexation proceeding may be made within thirty days after the date of the notice unless the circuit court enters an order granting future time for making a defense. *See* KRS 81.210 as amended by 1976 Ky. Acts (Ex.Sess.), ch. 14, § 73.

All concur.