Garnet COLE, Raymond Cole, Maxie Daniels, Russell Pack, W. H. Stratton, Charles Varney, and Florence Varney, Appellants,

v.

Dana STEPHENS, Ronald May, Carl Loftis, Paul McCoy, and John Raymond Smith, Appellees.

Court of Appeals of Kentucky.

June 1, 1979.

Phil A. Stalnaker, Pikeville, for appellants.

Dan Jack Combs, Pikeville, for appellees.

Before GANT, HOWARD and HOWERTON, JJ.

HOWERTON, Judge.

Appellants appeal from a judgment establishing a sixth-class city to be known as Johnsonville in Pike County, Kentucky. The appellants present five allegations of error.

(1) The boundaries of the area to be incorporated do not comply with the requirements of KRS 81.040.

(2) The area to be incorporated is larger than the area permitted by KRS 81.040.

(3) The court erred in refusing to allow persons who signed the petition for incorporation to withdraw their names.

(4) The court erred in permitting various names to remain on the petition when the individuals were neither registered voters nor living in the area to be incorporated.

(5) The court lacked the jurisdiction to consider the petition because the appel-

lees failed to provide a proper notice as required by KRS Chapter 424 and KRS 81.050.

■ Perhaps the first bridge to cross is an issue raised by the appellees, who represent the petitioners seeking to establish the town. They argue that KRS 81.060 prohibits any appeal from a judgment authorizing the incorporation of a city. Prior to January 1, 1976, such was the law by statute and decisions, with some exceptions; but, the enactment of § 115 of the Kentucky Constitution changed all of that. It provides:

In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court, except that the commonwealth may not appeal from a judgment of acquittal in a criminal case, other than for the purpose of securing a certification of law, and the general assembly may prescribe that there shall be no appeal from that portion of a judgment dissolving a marriage. Procedural rules shall provide for expeditious and inexpensive appeals. Appeals shall be upon the record and not by trial de novo.

Prior to the enactment of § 115, there had been no constitutional guarantee of an appeal in civil cases. The right to appeal was granted by a statute, KRS 21.060, and several limitations had been placed on the right to and method of appeal by KRS 21.060 and various other statutes.

Appellees argue that the incorporation of a municipality is not a "case" within the meaning of § 115. They contend that creating a city is a political and legislative act, and that only the general assembly may provide how towns may be organized, governed and classified. Ky.Const. § 156. Some basis for this argument can be found in the dictum in *Engle v. Miller*, 303 Ky. 731, 199 S.W.2d 123 (1947), which reads in part:

The action to the circuit court in that matter is not strictly judicial, for the creation or incorporation of the municipality is a political act and legislative function. The General Assembly has set up conditions for the establishment of a

city or town and conferred the power upon the court to determine whether certain facts exist. That is the limit of judicial action. When the specified conditions are found to exist, there is no further judicial discretion in the court[s]. *Id.* at 734, 199 S.W.2d at 124.

The appellees attempt to further support their argument by citing several annexation cases. We do not find such cases appropriate, especially in light of the adoption of § 115 of the Constitution. Furthermore, appeals have been available in all annexation cases, except those involving a fifth-class city. KRS 81.230. Also, annexation proceedings in court, whether at trial or on appeal, are judicial functions.

The action by the circuit court was a "case." It involved findings of fact, conclusions of law, and a judgment. These were judicial determinations, and the case was contested. The proceeding was a judicial function and an exercise of judicial power. *Rohde v. City of Newport*, 246 Ky. 476, 55 S.W.2d 368 (1932), was a municipal bond case, but it provided an occasion to define "judicial power" and "case." The opinion reads at 479, 55 S.W.2d at 370:

> Judicial power . . . is the power of a court to decide and pronounce a judgment and carry it into effect between persons and parties who bring a case before it for decision.

> A case is a suit in law or equity, instituted according to the regular course of judicial proceedings.

The legislature has not attempted to require, and could not require, the court in this case to perform a nonjudicial function. The legislature has merely required that its requirements for incorporation be judicially tested and approved.

That portion of KRS 81.060, which incidentally was reenacted January 2, 1978, and which reads, "but no appeal shall lie from the judgment," is in direct conflict with the Kentucky Constitution and is therefore an unconstitutional restriction on the rights of the appellants.

We approve of the other provisions of KRS 81.060 to the extent that they limit the role of the judiciary. The statute also provides in part that if the requirements of size, population, numbers of petitioners, notice and publication, etc., have been met, the court "shall have no discretion as to the establishment of the town."

What then is in the record to be reviewed? Before going to this next step, we also note that the appellees have argued that the stenographic transcript of evidence in this record is not properly a part of the record on appeal. We need not debate that point, because the record of the pleadings and the findings, conclusions, and judgment reveal that this case is clearly reversible.

■ We can consider the appellants' first two issues together. KRS 81.040 provides, "[t]he boundary of any city, when incorporated, shall not exceed one-half (½) mile in each direction, the form of the city being square . . . ." The description in the pleadings and in the court's findings of fact indicates that the territory has 15 sides and contains 320 acres, which is twice the permissible size for original incorporation. One-half mile in each direction would provide only one-quarter of a square mile or approximately 160 acres. We are somewhat sympathetic with the trial judge's reasoning that the boundaries in the type of terrain Johnsonville would incorporate would make it difficult to produce a true square, but we need not consider any arguments regarding substantial compliance, because this attempt to incorporate does not even provide remote compliance. The requirements of a one-half mile square may nevertheless be considered a strict requirement in light of the decision in *Boone v. Smith*, Ky., 263 S.W.2d 928 (1954), wherein at 929 the opinion reads, "[c]learly, the Chancellor was correct in sustaining a demurrer to the petition on the ground that the proposed boundary did not comply with the statutory requirements." The trial court had granted the demurrer because the boundaries were not square.

■ Appellants' third argument raises the issue of whether or not names may be withdrawn from a petition for incorpora-

tion. Although it is no longer necessary to decide this issue to resolve this appeal, we will make a comment regarding our review of the law. The trial court concluded that the 35 persons who sought to remove their names from the petition should not be allowed to remove their names and cited *Evans v. Maddox*, Ky., 260 S.W.2d 661 (1953). The petition in *Evans* was for the purpose of requesting a vote, and even if some of the names on the petition were incorrect, or if some of the petitioners wished to withdraw their names, the final issue would stand for resolution at the requested election. We believe the case of *Ellingsworth v. Shacklette*, 201 Ky. 246, 256 S.W. 395 (1923), is more appropriate and dispositive of this issue. In *Ellingsworth* the court ruled that the trial court should permit the parties to amend their petition showing any changes made by petitioners until the time the judgment was rendered. *Ellingsworth* involved a petition to dissolve a city charter. The action by the court in that case would be final. If all factors for incorporation are met, then signatures by two-thirds of the registered voters of the area will constitute a final "vote" on the issue of incorporation. Considering the basic differences between petitions and secret ballots, together with the seriousness of incorporating a city, we believe some allowance should be given for a change of mind.

The question of whether or not all petitioners were registered voters and lived within the proposed area, would require a review of the evidence. A resolution of this issue is no longer necessary, and we will make no further comment regarding it.

■ Appellants' final issue challenges the jurisdiction of the court on the ground that the petitioners failed to set out the date for a hearing in their notice. There is no question that the notices in the newspaper did not contain the date for the hearing. KRS 81.050 provides, "[t]he petition shall be docketed for hearing not less than twenty (20) days from the date of filing the petition. Notice of the filing of the petition and of the object shall be given by publication pursuant to KRS chapter 424." KRS 424.140(1) provides, "[a]ny advertisement of a hearing, meeting or examination shall state the time, place and purpose of the same." Failure to provide the required notice is jurisdictional. *City of St. Matthews v. Beha*, Ky.App., 549 S.W.2d 842 (1977). *See also, Booth v. Copley*, 283 Ky. 23, 140 S.W.2d 662 (1940).

For the foregoing reasons, the judgment of the trial court must be reversed with directions that the petition for incorporation be dismissed.

All concur.