Curtis ROSE (For and on Behalf of All Remonstrators), Appellant,

v.

CITY OF PARIS, Kentucky, Appellee.

Court of Appeals of Kentucky.

June 20, 1980.

Roger B. Sledd, Lexington, for appellant.

James S. Wilson, City Atty., Paris, for appellee.

Before GANT, HOWERTON and VANCE, JJ.

VANCE, Judge.

The principal issue presented by this appeal is whether an annexation proceeding instituted by a fourth class city pursuant to KRS 81.210 and 81.220 may be completed under the standards set forth in those statutes when, during the pendency of the annexation, the city is elevated to a third class city.

The annexation procedures for cities of the fourth class are materially different from those in third class cities, which are controlled by KRS 81.190, 81.100 and 81.110.

In both classes of cities the initial step is taken by the legislative body in passing an ordinance accurately defining the area to be annexed.

In fourth class cities after publication of the ordinance, the city must file a petition in circuit court setting forth the passage, publication and advertisement of the ordinance and its purpose, with a description of the property and praying for a judgment to annex the territory. If no defense is made within the time allowed by statute, the court may enter a judgment annexing the territory.

If there is a defense and the court finds that less than one-half of the resident voters of the area have remonstrated against the annexation, the annexation will be granted if the court further finds that the proposed annexation will be for the interest of the city and will cause no material injury to the owners of real property in the area.

If, on the other hand, a majority remonstrate the annexation will be denied if the

court finds that it will cause material injury to the owners of real property within the area.

In annexations by third class cities after the publication of the ordinance, the city does not file a petition for a judgment of annexation. If no petition of remonstrance against the annexation is filed within thirty days the city may enact another ordinance annexing the territory. If a remonstrance is filed a different standard applies depending on whether more or less than seventy-five percent of the resident voters have remonstrated. If less than seventy-five percent remonstrate, the annexation will be granted if the jury finds it to be in the interest of the city and that it will cause no manifest injury to property owners, but if more than seventy-five percent remonstrate the annexation will be denied unless the jury finds that a failure to annex will materially retard the prosperity of both the city and the owners and inhabitants of the area.

The City of Paris, Kentucky, commenced this annexation proceeding as a fourth class city with the passage of an ordinance on November 15, 1977. It filed a petition for judgment authorizing annexation on November 29, 1977, and the answer of remonstrators was filed in January, 1978. Paris was elevated to a third class city in June, 1978. The case was set for trial in September of 1978 and judgment granting the annexation was entered in March, 1979.

■ In our view the evidence is adequate to support the judgment under the standards pertaining to fourth class cities set forth in KRS 81.210 and 81.220, but if the standards applicable to third class cities contained in KRS 81.100 and 81.110 are to be applied, the evidence does not disclose whether more or less than seventy-five percent of the resident voters remonstrated against the annexation and the findings of the trial court are insufficient to support a judgment of annexation if more than seventy-five percent remonstrated against it.

It follows that the judgment must be reversed if we apply the standards for third class cities and will be affirmed if we apply the standards applicable to fourth class cities. The appellant contends that because the standards for annexation are so materially different in the two classes of cities, a city which changes from one class to another in the middle of an annexation proceeding should be required to start anew and comply with the annexation statutes applicable to cities of the higher class. Appellant cites no authority for this argument and both parties advise us that this is a case of first impression.

■ In that event we simply must make a judgment call and in our judgment we see no reason that an annexation proceeding begun properly by a city under statutes relating to cities of its class may not be continued to completion even though the city, during the pendency of the action, is raised to a higher classification.

■ The decision to annex is a legislative decision. At the time of passage of the initial ordinance the city has no way of knowing how many, if any, of the resident voters will oppose the annexation. The initial annexation ordinance, however, fixed a jurisdictional point in time in which the city under its police powers may hold the property proposed for annexation in status quo pending a final determination of the annexation proceedings. *Westwood Development Co. v. Abilene*, Tex.Civ.App., 273 S.W.2d 652 (1954).

We have long held in Kentucky that a city which first passes an ordinance to annex unincorporated territory may complete the annexation even though the territory sought to be annexed later incorporates as a city or is annexed by another incorporated city during the time when the proceedings instituted by the first city are pending. *City of Covington v. Beck*, Ky.App., 586 S.W.2d 284 (1979), and *Pfeiffer v. City of Louisville*, Ky., 240 S.W.2d 560 (1951).

■ It thus seems to us that the classification of a city on the date that it passes an annexation ordinance determines the statutes which are applicable to the proceedings and the status quo should be maintained until the proceedings are completed.

Appellant also contends that the description of the area sought to be annexed is not adequate, but our review of the description convinces us that it is exact and capable of precise location and will in no way cause confusion as to precisely what area has been annexed.

The judgment is affirmed.

All concur.