CITY OF JEFFERSONTOWN, Kentucky, a Municipal Corporation, Appellant,

v.

CITY OF HURSTBOURNE, Kentucky, a Municipal Corporation, Appellee.

Court of Appeals of Kentucky.

Sept. 28, 1984.

Discretionary Review Denied Feb. 20, 1985.

Fred E. Fischer, Louisville, for appellant.

Henry A. Triplett, Bennett, Bowman, Triplett, & Vittitow, Louisville, for appellee.

Before COOPER, HOWARD and LESTER, JJ.

LESTER, Judge.

This is an appeal from a summary judgment in which appellant claimed jurisdiction of certain territory by virtue of annexation while appellee did likewise through the incorporation process.

Pursuant to KRS 81.050, a petition was filed on February 1, 1982, in the Jefferson Circuit Court seeking to incorporate the City of Hurstbourne wherein certain territory was described. On June 28, 1982, an amended petition (deleting a part of the original land area) was filed along with a motion to docket the case. On July 1, 1982, the publication required by KRS 81.050(2) was placed in the appropriate newspaper and we point out that no issue is raised as to the adequacy of the notice. During the foregoing time period, Jeffersontown, following the annexation procedures of KRS 81A.420, sought to annex the same geographical area that Hurstbourne wanted to incorporate. On March 30, 1982, the first reading of the annexation was read and the following day, it received its second reading and was adopted. There having been no petition in opposition, appellant adopted its ordinance finalizing the annexation on June 8, 1982, while the circuit court entered its order of incorporation on behalf of the Hurstbourne petitioners on August 12, 1982. In February of the following year, Jeffersontown brought this action seeking to enjoin appellee from exercising jurisdiction over the disputed land.

The litigants agree that the first municipality to take statutory steps towards acquiring territory outside its limits is entitled to proceed to completion or, put another way, where two or more bodies politic have concurrent jurisdiction over the same area, the one first acquiring jurisdiction should prevail. *Rose v. City of Paris*, Ky.App., 601 S.W.2d 610, 611 (1980). We do not perceive the rule as being applicable to only coextensive annexations or simultaneous incorporations but also as governing in an annexation-incorporation situation. *See Pfeiffer v. City of Louisville*, Ky., 240 S.W.2d 560 (1951) and *Rose, supra*. Thus, the controlling issue in this appeal is what constitutes the first procedural step so as to establish priority between two cities competing for the same area. To refine the question further, what is to be considered the first step in an incorporation proceeding because appellant does not contest the fact that appellee took some action in February, 1982.

Appellant takes the position that the filing of the petition without causing the notice to be published at the same time, or at least before it had adopted its first ordinance (March 30, 1982) was insufficient to constitute a first step. Research reveals, and counsel agree, that this is a novel question. We now examine the statute.

KRS 81.050(1) provides:

(1) Proceedings to incorporate a city shall be commenced by a petition being filed with the circuit clerk of the coun-

ty in which the area to be incorporated is located.

[Subsections (a) through (f) set forth what the petition shall contain.]

(2) The petition shall be docketed for hearing not less than twenty (20) days from the date of filing the petition. Notice of the filing of the petition and of its objects shall be given by publication pursuant to KRS Chapter 424.

We need look no further than the language of the statute for it appears rather clear that proceedings to incorporate a city shall be commenced by the filing of the petition. Granted there must be a public notice, but the enactment does not require that it be filed concurrently with the petition but only demands that the notice be published as required by KRS Chapter 424. In this situation, that was done and appellant raises no issue in that regard. Nevertheless, giving subsection one of KRS 81.050 its plain and obvious meaning, we consider that there need be only a petition for incorporation filed with the circuit clerk which commences the action thereby constituting the first step. Therefore, under the principles cited to us by appellant, the appellee acquired first jurisdiction over the territory and for the reasons stated herein, we will affirm the trial court.

For the benefit of municipal officers, we wish to emphasize that some of the notices required by KRS Chapter 424 are a form of constructive service of process and unless the statutory form is strictly complied with the service is void. In the present case, Jeffersontown failed to provide in its publication of its ordinance proposing annexation the time and place where protest could be made which would nullify its attempt to obtain constructive service of process. *See City of St. Matthews v. Beha,* Ky.App., 549 S.W.2d 842 (1977), as to annexation and *Cole v. Stephens,* Ky.App., 582 S.W.2d 657 (1979), as to incorporation.

The judgment is affirmed.

All concur.