**CITY OF OKOLONA, Jefferson County, Kentucky, Movant,**

v.

**Joseph LINDSEY and City of Louisville, Respondents.**

Supreme Court of Kentucky.

March 20, 1986.

Charles H. Zimmerman, Jr., Michael A. Luvisi, Miles H. Franklin, Greenebaum, Young, Treitz & Maggiolo, Louisville, for movant.

Alan T. Slyn, Diana L. Skaggs, Slyn & Skaggs, Donald L. Cox, Scott D. Spiegel, Lynch, Sherman & Cox, Louisville, for respondents.

STEPHENSON, Justice.

The trial court entered a judgment which incorporated the City of Okolona under the provision of KRS 81.050, et seq., and KRS Chapter 424. The Court of Appeals reversed and directed dismissal of the action. We granted discretionary review and affirm the decision of the Court of Appeals.

The Court of Appeals reversed for the reason that the City of Okolona did not comply with the statutory requirements on publication.

KRS 81.050(2) provides:

The petition shall be docketed for hearing not less than twenty (20) days from the date of filing the petition. Notice of the filing of the petition and of its object

shall be given by publication pursuant to KRS Chapter 424.

KRS 424.130(b) provides:

(b) When an advertisement is for the purpose of informing the public or the members of any class of persons that on or before a certain day they may file or shall file a petition or exceptions or a remonstrance or protest or objection, or resist the granting of an application or petition, or present or file a claim, or submit a bid, the advertisement shall be published at least once, but may be published two (2) or more times, provided that one (1) publication occurs not less than seven (7) days nor more than twenty-one (21) days before the occurrence of the act or event.

It is not disputed that the publication failed to give proper notice as to the time for filing objection to the proposed incorporation and failed to give proper notice of the incorporation hearing.

The City of Okolona argues that the deficient publication did not divest the trial court of jurisdiction and that the case should be remanded for a new hearing after notice is published.

A secondary argument is made that the relief granted in case of defective service should not be dismissal of the action.

We have examined the cited authorities and are of the opinion that *Booth v. Copley*, 283 Ky. 23, 140 S.W.2d 662 (1940), controls. There, in an incorporation case, we stated:

The publishing of the notice prescribed by statute authorizing service of process by publication is indispensable, and if no notice is published the court acquires no jurisdiction of defendant, and a judgment rendered by it in the cause is void.

and further:

The statutes usually designate the period for which publication shall be made and prescribe how often it should be made, and the requirements of the statutes in this regard must be strictly complied with; but publication for the number of times, and for the length of time pre-scribed by the statute is, of course, sufficient. Neither the courts nor the clerks of the courts are vested with any discretion as to the length of time the notice shall be published, where it is prescribed by statute. Failure to publish for the required length of time is not a mere irregularity, but a jurisdictional defect, which renders all subsequent proceedings under such notice void.

It is clear that this holding stands for the proposition that the trial court here did not acquire jurisdiction.

As to the secondary argument, a different issue is presented to us. The decision of the Court of Appeals here relied upon *City of St. Matthews v. Beha*, Ky.App., 549 S.W.2d 842 (1977), and *Cole v. Stephens*, Ky.App., 582 S.W.2d 657 (1979). After determining that a city was erroneously incorporated, *Cole* reversed the judgment of the trial court and directed dismissal of the petition. *St. Matthews* and *Booth* were cited as authority.

The City of Okolona, in support of the argument that dismissal is not the proper remedy, relies upon *Wakefield v. City of Shelbyville*, Ky.App., 563 S.W.2d 756 (1978). There, in an annexation proceeding, it was held that the statutory notices were defective, and the judgment validating the annexation was reversed. *St. Matthews* is cited as authority, but the decision goes on to hold that the annexation proceeding itself should not be dismissed, but that the city should be permitted to obtain proper service by again publishing notice according to KRS Chapter 424.

Thus, we have conflicting decisions by different panels of the Court of Appeals. Although *St. Matthews* and the present case involve incorporation of a city, KRS 81.050, and *Wakefield* involved annexation of territory by a fourth-class city, KRS 81.210 and KRS 81.220 (now repealed), the principle is the same. The time set out began to run with the filing of the petition. The provisions of the statutes are mandatory. There is nothing said about having a second chance to advertise properly after the first advertising is found to be defec-

tive. This proposition was not raised in *Booth* or in *City of St. Matthews*. However, *City of St. Matthews* stated that the trial court invalidated annexation of territory by the City of St. Matthews. We take for granted that the petition was dismissed.

We are of the opinion that the cases herein stand for the proposition that a judgment based on defective publication is void. There is nothing there to amend, and we are unwilling to supply language to the statutes allowing an amendment to permit a second attempt at proper publication of notice.

We are of the further opinion that *Cole*, and not *City of St. Matthews*, represents the proper interpretation of the publication statutes. Thus, we reject the argument of City of Okolona and hold that dismissal of the action is proper and mandated.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and GANT, STEPHENSON, VANCE, WHITE and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents and files a separate dissenting opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The filing of the petition to incorporate the City of Okolona gave the court subject matter jurisdiction. KRS 81.050(1) specifies that this is how the "proceedings" are "commenced," and the validity of the petition is not questioned.

KRS 81.050(2) then provides that "the petition shall be docketed for hearing," and further provides that "notice of the filing of the petition and of its object shall be given by publication pursuant to KRS Chapter 424." KRS 81.060 then provides for the procedure "at the hearing."

The defect in the notice vitiates the hearing, but there is no reason why it should defeat the jurisdiction of the court to hear the matter. Jurisdiction attached at the time that the petition to incorporate was properly filed and was not divested by failing to fully comply with the notice by publication provisions. *Wakefield v. City of Shelbyville*, Ky.App., 563 S.W.2d 756 (1978) and *City of Jeffersontown v. Hurstbourne*, Ky.App., 684 S.W.2d 23 (1984) should control. *Booth v. Copley*, 283 Ky. 23, 140 S.W.2d 662 (1940) should be distinguished because the issue was presented in a different light, one in which the holding that there was no jurisdiction was simply the equivalent of vacating the judgment.

KRS 81.060(1) states that:

"At the hearing the court shall, if the proper notice has been given or publication made, and no defense is interposed, enter a judgment establishing a city as requested by the petition," etc.

This language plainly suggests that the point of return if a proper notice by publication has *not* been given, is to return back to the point of issuance of a proper notice.

This case cannot be distinguished in substance from our recent decision in *Potter v. Breaks Interstate Park Commission*, Ky., 701 S.W.2d 403 (1986). *Potter* was a condemnation case where there was a defect in the notice given by warning order attorney which defeated that state's right to proceed further against those property owners as to whom the notice was defective. We held that in these circumstances the court had no jurisdiction to hear the case as to these property owners, that this vitiated the judgment as to them, and we reversed and remanded so that the case could proceed further after proper notice.

The City of Okolona argues that its opponents rely "on archaic distinctions between in rem and in personam actions," and further that their arguments are "blinded to the common sense purpose of public notice." I agree. In present circumstances there is no more reason to dismiss this action for failure to serve a proper notice than there would be to dismiss an *in personam* action for failure to obtain service of a subpoena. All that is necessary is a new notice by publication, the equivalent of a new subpoena.