Robert A. DONALD, III, Appellant,

v.

CITY OF GLENVIEW, Jefferson County, Kentucky, Appellee.

CITY OF LOUISVILLE, Appellant,

v.

CITY OF GLENVIEW, Jefferson County, Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 26, 1986.

Discretionary Review Denied by Supreme Court March 4, 1987.

Scott D. Spiegel, Donald Cox, Lynch, Sherman & Cox, Louisville, for appellants.

Charles H. Zimmerman, John G. Treitz, Anne H. Howard, Michael A. Luvisi, Greenbaum, Young, Treitz & Maggiolo, Louisville, for appellee.

Before CLAYTON, LESTER and MILLER, JJ.

LESTER, Judge.

These are consolidated appeals from a judgment of May 9, 1985, incorporating the City of Glenview. Robert Donald, a resident of the incorporated area, argues that the judgment is invalid due to insufficient proof of notice, failure to provide a map of the area with the petition, and lack of substantial evidence to support the trial court's findings. The City of Louisville appeals from the court's denial of its right to intervene and contest the incorporation.

On June 29, 1984, a petition was signed by over three hundred residents and filed in Jefferson Circuit Court, seeking to incorporate an area outside of Louisville known as Glenview. Thereafter, the City of Louisville filed a written summary of objections to the establishment of the proposed city along with its motion to intervene. At a hearing conducted on August 6, 1984, Louisville argued that it had an interest in the property proposed for incorporation because it had previously proposed to annex the area and because the proposed incorporation could have an adverse economic impact upon Louisville. The trial court denied Louisville's motion to intervene on the basis that KRS 81.060(3) only permitted "inhabitants" of the area to defend against a petition for incorporation. At the same time, the court granted intervention to Robert Donald, a resident of Glenview, who opposed incorporation. The court heard testimony concerning the proposed incorporation at the August 6th hearing, and again on November 27, 1984. On May 9, 1985, the trial judge entered an opinion accompanied by detailed findings of fact and conclusions of law, incorporating Glenview.

█ Considering the appeal by the City of Louisville first, appellant argues that KRS 81.060 does not preclude non-inhabitants from participating in and objecting to an incorporation proceeding. Without question, Louisville does not fall within the definition of "inhabitant" as used within KRS 81.060(3). The issue, however, is whether that legislation precludes intervention by anyone other than an inhabitant. Appellant maintains that it has standing and the right to intervene in the proceeding because it claims an interest relating to the property which is the subject of the action. CR 24.01. However, the rule also provides that the party seeking intervention must be:

... so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. CR 24.01(b)

Upon examining the controlling law on this issue, we conclude that the incorporation of Glenview does not so impair or impede Louisville's ability to protect its interest as to mandate intervention. Appellant could still be ultimately successful in annexing the area if it elects to continue with that plan. If this were to occur, the City of Glenview would be effectively dissolved. *Pfeiffer v. City of Louisville*, Ky., 240 S.W.2d 560 (1951). Secondly, our review of the record indicates that Louisville's interest in the action was represented, at least in part, by Robert Donald, the other appellant herein. CR 24.01. As the trial court noted, all appearances indicated that Louisville was, in effect, the real party in interest at the hearings and that its position was indeed presented.

Furthermore, we cannot agree that KRS Chapter 81 impliedly recognizes the right of adjacent governments to be a party to incorporation proceedings. While it is true that KRS 81.060(1)(e) requires the court to consider the interest of other areas and governments in ruling upon a petition to incorporate, it is just as specifically stated in section 3 of that statute that:

(3) Defense may be made to the petition by any *inhabitant* of the proposed city ... KRS 81.060(3).

In light of the clear and explicit language of the legislation, we cannot agree that the court below erred in denying Louisville's motion to intervene.

We turn now to the appeal by Robert Donald. Appellant asserts that the incorporators failed to offer proof at the hearings that they had published the petition, given notice, or provided an accurate map with the petition, all of which are required by KRS 81.050.

■ Appellant is correct in his contention that strict compliance with these requirements is required. *Cole v. Stephens,* Ky.App., 582 S.W.2d 657 (1979). However, Donald is apparently not asserting that the requirements were not met, but rather, that proof of their having been met was not presented with the petition or at the first hearing. The trial judge found and the record reflects that the statutory requisites were met. The cases relied upon by appellant involved situations where the notice or publication was clearly invalid. As we recently stated in *City of Jeffersontown v. City of Hurstbourne,* Ky.App., 684 S.W.2d 23, 25 (1984):

Granted there must be a public notice, but the enactment does not require that it be filed concurrently with the petition but only demands that the notice be published as required by KRS Chapter 424.

■ We find substantial evidence in the record to support the lower court's rulings that statutory standards for incorporation were satisfied.

■ Finally, both appellants argue that the incorporation of Glenview after Louisville had previously proposed annexation of the same area was improper. Appellants urge us to adopt the policy that the first to pursue annexation or incorporation has exclusive jurisdiction over the territory. It is a rule of long standing in Kentucky that a city which first passes an ordinance to annex unincorporated territory may complete annexation even though the territory later incorporates as a city during the time when the proceedings instituted by the first city are still pending. *City of Covington v. Beck,* Ky.App., 586 S.W.2d 284 (1979); *Rose v. City of Paris,* Ky.App., 601 S.W.2d 610, 611 (1980). We are not persuaded that this Court has the authority to change this rule, particularly where, as here, the only action taken by Louisville was to give the first reading of the ordinance proposing annexation in December of 1982. No other step was taken toward annexation of the area until after Glenview petitioned for incorporation two years later. Even in those jurisdictions holding that the pendency of annexation proceedings precludes any application for incorporation, such proceedings must have been prosecuted within a reasonable time. McQuillin, *Municipal Corporations,* § 3.19 a (rev. 3d. ed.) (1971).

Having found no reversible error in the actions taken below, the judgment is affirmed.

All concur.